IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBIN SMITH, # N-54258,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-220-JPG |
| ) | |
| **STATE of ILLINOIS,** ) | |
| **SALVADOR A. GODINEZ,** ) | |
| **DONALD GEATZ,[1] GINA ALLEN,** ) | |
| **KIM DEEN, CHRISTINE BROWN,** ) | |
| **VIPIN SHAH, TERRI BRYANT,** ) | |
| **DR. JAMES SLEDGE,** ) | |
| **UNKNOWN PARTY,** ) | |
| **DR. LOUIS SCHICKER, LARSON, and** ) | |
| **WEXFORD HEALTH SERVICES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Robin Smith, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 28 year sentence for aggravated discharge of a firearm, and a six year sentence on a drug conviction. Plaintiff claims that Defendants have subjected him to cruel and unusual punishment by including high amounts of soy protein in the prison diet, and failing to address his medical problems resulting from his consumption of soy.

Specifically, Plaintiff asserts that he has been consuming "up to 75 grams or more" of soy protein per day in the prison diet, "which is toxic" (Doc. 1, p. 15). Because of eating this large amount of soy protein, he has developed digestive problems including severe, chronic, and painful constipation, bloating, and gas. He is taking Colace for the constipation, but has

---
[1] The correct spelling of this Defendant's name is Gaetz, as reflected in the complaint. The Clerk shall be directed to correct this error.

requested Defendant Shah (the prison doctor) to give him something stronger because this medication has not solved the problem.  Previously, Defendant Shah had prescribed milk of magnesia for two weeks, and Maalox for two weeks.

According to the complaint, then-Governor Rod Blagojevich changed the prison diet to use large amounts of processed soy protein in either January 2003 or 2004 (Doc. 1, p. 10).  Since that time prisoners have been served very little meat.  Defendants Sledge, Bryant, and the John Doe Food/Dietary Services Administrator were responsible for procuring food ingredients, planning the master menu, and providing a nutritious and healthful diet, respectively (Doc. 1, pp. 11-12, 14).  Defendants Deen, Allen, and Gaetz were responsible for investigating and making decisions on inmate grievances (Doc. 1, pp. 12-13).  Defendants Schicker, Brown, Larson, and Wexford Health Services, Inc. ("Wexford"), were responsible for providing proper medical care to inmates (Doc. 1, pp. 11, 13-14).  Plaintiff seeks injunctive relief to obtain a soy-free diet and adequate medical care, as well as damages (Doc. 1, pp. 16-17).

Plaintiff includes a number of exhibits with his complaint (Doc. 1, pp. 18-44).  These reveal that he had requested a thyroid test and a soy-free diet (Doc. 1, p. 21).  Plaintiff's requests were denied in May 2011 because he showed no symptoms of thyroid problems, and there was no indication that a soy-free diet was medically necessary (Doc. 1, pp. 21-22).  He again requested a soy free diet in 2012 from Defendants Bryant (Pinckneyville Dietary Manager), Shah, and Brown (Pinckneyville Health Care Unit Administrator) (Doc. 1, pp. 23-24).  Defendant Bryant informed Plaintiff that there was no such thing as a soy-free diet.  Plaintiff's grievance over this matter was denied on September 26, 2012, with a notation that "Per the HCUA [Health Care Unit Administration]:  Healthcare provides the healthcare, not food.  A soy free diet is your choice, not medical's" (Doc. 1, p. 23).  Finally, he includes two pages describing the "effects of soy" (Doc. 1, pp. 43-44).  Although Plaintiff does not identify the source, those

pages were excerpted from the First Amended Complaint filed in *Harris v. Brown*, 07-cv-3225-HAB-CHE (C.D. Ill., Doc. 142, filed June 1, 2009). *Harris* is a pending case in which several inmates are seeking damages for alleged adverse health effects of soy content in the prison diet.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated an arguable Eighth Amendment claim for deliberate indifference to his serious medical needs against certain Defendants. Whether he can prove that soy is to blame for his symptoms must await a more developed record. At this juncture, Plaintiff's claims against those Defendants who refused his requests for a soy-free diet, despite his complaints of serious medical problems, shall receive further consideration. These parties are Defendants Shah, Brown, and Bryant. In addition, because Plaintiff is seeking injunctive relief, Defendant Warden Gaetz shall remain in the action. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

However, Plaintiff has failed to state a claim upon which relief may be granted as to the remaining Defendants. Any claim for deliberate indifference to medical needs, or that a prisoner has been subjected to unconstitutional conditions of confinement (such as being forced to eat a dangerous or deficient diet), must satisfy both the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). For the objective element, the condition must result in unquestioned and serious deprivations of basic human needs (such as food, medical care, sanitation, or physical safety) or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th

Cir. 1987). The subjective component of a deliberate indifference claim is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff's complaint fails to indicate that Defendants Sledge, Godinez, Gaetz, Allen, Deen, Schicker, Larson, or the John Doe Food/Dietary Services Administrator either acted or failed to act with deliberate indifference to a known risk from the soy content in the prison diet. Plaintiff does not indicate that any of these individuals was personally involved in the decisions to deny his requests for a soy-free diet, or for any decisions regarding Plaintiff's medical treatment. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Thus, a Defendant who merely reviewed Plaintiff's grievances over the actions of other individuals, or who held a supervisory position over an alleged wrongdoer, does not incur legal responsibility. Defendants Sledge, Godinez, Allen, Deen, Schicker, Larson, and the John Doe Food/Dietary Services Administrator shall therefore be dismissed from the action.

Similarly, Defendant Wexford, the corporation that provides medical care at the prison, cannot be held liable solely on that basis. A corporation may be liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford; this Defendant shall also be dismissed.

Finally, Plaintiff cannot maintain a civil rights claim for damages against the Defendant

State of Illinois/Governor.  It appears from the complaint that Plaintiff intended to name current Governor Pat Quinn as a party (Doc. 1, p. 1).  However, the complaint includes no allegations that Governor Quinn was involved in any way in formulating the prison diet or denying Plaintiff's requests for a diet free of soy (Doc. 1, p. 10).  Further, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).  Accordingly, Defendant State of Illinois/Governor shall be dismissed from the action.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Frazier for further consideration.

The motion for service at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below for those Defendants who remain in the action.  No service shall be made on the dismissed Defendants.

**Disposition**

The Clerk is **DIRECTED** to correct the spelling of Defendant Gaetz' surname.

Defendants **SLEDGE, SCHICKER, LARSON, WEXFORD HEALTH SERVICES, INC.,** and **UNKNOWN PARTY FOOD/DIETARY SERVICES ADMINISTRATOR** are **DISMISSED** from this action without prejudice.

Defendants **STATE of ILLINOIS/GOVERNOR, GODINEZ, ALLEN,** and **DEEN** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **SHAH, BROWN, BRYANT,** and **GAETZ**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: April 2, 2013**

s/J. Phil Gilbert
**United States District Judge**