IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN SMITH, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:13-cv-00220-JPG-PMF |
| ) | |
| DONALD GAETZ, et al., ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a preliminary injunction (Doc. No. 39). The motion is opposed (Doc. Nos. 42, 43, and 44). Supplemental materials are on file (Doc. No. 46, 50).

Plaintiff Robin Smith is challenging the conditions of his confinement at Pinckneyville Correctional Center, alleging that he has received poor medical care for his digestive distress. He claims that defendants Brown and Shah responded to his serious medical needs with deliberate indifference in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

In order to establish that he is entitled to a preliminary injunction, Smith must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Smith experiences chronic symptoms of digestive distress, including abdominal pain, constipation, cramping, gas, vomiting, bloating, and weight loss.  He has a complex medical history, including psychiatric care for a schizoaffective disorder, an unspecified genetic or neurological condition, alcohol abuse, drug abuse, mild mental retardation, and anemia.  Smith believes that his digestive ailments flow from his consumption of too much protein derived from soybeans.  His health concerns have been assessed by medical professionals who appear to be qualified to provide medical services.  Those individuals have conferred with others regarding the appropriate level of care for Smith and provided or offered diagnostic procedures (blood tests (6/21/2011, 7/7/2011 and 10/3/2013), urinalysis (10/31/2013), x-ray imaging (10/2/2013) medical furlough to an outside hospital for CT scan (7/20/2011), and a proposed rectal exam (refused).  Medication has been given to Smith which in general corresponds to the particular medical ailments that were ascertained: constipation and a possible stomach infection.[1]  Plaintiff has been treated with a stool softener (Colace), a magnesium compound (milk of magnesia), an aluminum/magnesium antacid (Maalox) and medications targeting the possible infection.  Efforts to ease Smith's concerns about soy in his diet have been made.

Smith's concerns and symptoms persist.  He seeks an order directing the defendants to provide him with adequate and necessary medical treatment.  He feels it is appropriate and necessary for the defendants to refer him to an expert in the field of gastroenterology or direct the prison's dietary staff to provide Smith with meals that are low in soy or soy-free.

---

[1] A test performed in October, 2013, produced a high reading for Amylase.  That result was interpreted as an indication that Smith had an active stomach/small intestine infection or had developed antibodies after being exposed in the past to a particular bacterium (Doc. No. 46-1, p. 15).  A drug regimen was prescribed.  This portion of the medical record is somewhat illegible.  It appears that Smith received Protonix to reduce stomach acid, Biaxin to reduce adverse medication side effects, and at least one other medicine (Doc. No. 46-1, p. 18).

The Court is not persuaded that Smith has demonstrated a likelihood of success on the merits of his Eighth Amendment Claim.  A defendant acts with deliberate indifference when he consciously disregards a known and substantial risk of serious harm.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Negligence does not suffice.  The defendant must be reckless, knowing that there is a serious risk unless he acts, and fails to act.  Deliberate indifference may be inferred when a physician makes a treatment decision that falls far afield of accepted professional medical judgment.  *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2009).

The medical record suggests that Smith has and is receiving medical attention directed to his specific symptoms and concerns and that diagnostic and treatment efforts fall within or close to the realm of professional medical judgment.  The materials do not suggest that anyone has ignored or disregarded a known and substantial risk of serious harm.  Moreover, the information provided does not demonstrate that Smith will suffer irreparable harm if an injunction is not granted.  Also, the Court is not in a position to determine that better medical courses of action exist for Smith's particular needs.  That decision is best made by the health care staff well-acquainted with Smith's history, laboratory test results, symptoms, and response to treatment efforts.  The Court does not maintain a list of gastroenterologists who might be available to participate in Smith's care or revise the treatment plan.

IT IS RECOMMENDED that Smith's motion for a preliminary injunction (Doc. No. 39) be DENIED.

**SUBMITTED: March 31, 2014 .**

                                                  **s/Philip M. Frazier**
                                                  **PHILIP M. FRAZIER**
                                                  **UNITED STATES MAGISTRATE JUDGE**