IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBIN SMITH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-00220-SMY-PMF |
| | ) |
| **DONALD GAETZ, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are defense motions for summary judgment (Doc. Nos. 93, 95). The motions are not opposed. Plaintiff Robin Smith is challenging the conditions of his former confinement at Pinckneyville Correctional Center, alleging that he received poor medical care for digestive distress. He claims that defendants Christine Brown, Vipin Shah, and Terri Bryant responded to his serious medical needs with deliberate indifference in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Because Smith asked for injunctive relief, Donald Gaetz has been included as a defendant (Doc. No. 7).

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). Because Smith did not file a brief opposing the arguments advanced in the motions, the Court infers that the motions have merit. SDIL-LR 7.1.[1]

---

[1] Smith's response was due within 30 days. SDIL-LR 7.1(c). At Smith's request, extensions were granted on December 1, 2014, January 12, 2015, February 11, 2015, and March 26, 2015. The extended deadline for a response expired on April 24, 2015. Considering all circumstances, including the length of time this case has been pending, the documents on file

The Court of Appeals recently summarized the law applicable to plaintiff's medical care claim:

> [To] prevail on his medical claim, Mr. Pyles was required to make two showings. First, he needed to demonstrate that he suffers from an objectively serious medical condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Second, Mr. Pyles had to demonstrate that Dr. Fahim knew about his condition and the risk it posed, but disregarded that risk. *Arnett*, 658 F.3d at 751. Something more than negligence or even malpractice is required. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A prisoner may establish deliberate indifference by demonstrating that the treatment he received was "blatantly inappropriate." *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (*quoting Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)). Making that showing is not easy: "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (*quoting Collignon v. Milwaukee Cnty*., 163 F.3d 982, 988 (7th Cir. 1998)). Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011); Sain, 512 F.3d at 895.

*Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Smith's claim for damages must also be based on evidence showing that the defendants were personally involved in a deprivation of his constitutional rights. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999). Those who hold supervisory positions can only be liable for their own personal actions, not the actions of others. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

---

(containing discussions of the applicable legal standard as well as Smith's medical records), Smith's personal knowledge of relevant facts, and Smith's filings, the Court is satisfied that Smith received an adequate time to collect information and prepare and file his response.

Smith experiences chronic symptoms of digestive distress, including abdominal pain, constipation, cramping, gas, vomiting, bloating, blood in his stool, diarrhea, and weight loss. He has a complex medical history, including psychiatric care for a schizoaffective disorder, an unspecified genetic or neurological condition, alcohol abuse, drug abuse, mild mental retardation, and anemia. Smith's personal opinion is that his digestive ailments flow from his consumption of meals containing too much protein derived from soybeans. His health concerns have been assessed by medical professionals who appear to be qualified to provide medical services. Those individuals have conferred with others regarding the appropriate level of care for Smith and provided or offered diagnostic procedures (allergy test, blood tests (CBC, PSA), urinalysis, x-ray imaging, medical furlough to St. Elizabeth's Hospital for consultation, a CT scan with contrast, a proposed rectal exam (refused), and ultrasound. The test results did not show that Smith suffers from a soy allergy. Medications given to Smith correspond with the particular symptoms and medical ailments that were described or ascertained. Smith's abdomen has been examined and he has been treated with Pepto-Bismol, fiber laxatives (Fiber One, Metamucil), a stool softener (Colace), a magnesium compound (Milk of Magnesia), an aluminum/magnesium antacid (Maalox), and antibiotics (Protonix, Flagyl, and Biaxin). Dr. Shah has evaluated Smith's condition and has not found a medical basis to link soy consumption to Smith's digestive problems. Efforts to ease Smith's concerns about the implications of soy in his diet have been made. Medications were adjusted when Smith reported adverse medication side effects. Smith was transferred to a different prison facility in 2014. He is no longer receiving medical services from these defendants.

The defendants have shown that their response to Smith's health concerns does not amount to deliberate indifference. The diagnostic care and treatment provided to Smith or

3

offered and refused by Smith was not "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Greeno v. Daley*, 414 F.3d at 653. The medical record suggests that Smith has been and is receiving medical attention directed to his specific symptoms and concerns and that diagnostic and treatment efforts fall within or close to the realm of professional medical judgment. The materials do not suggest that any defendant ignored or disregarded a known and substantial risk of serious harm. Moreover, the materials submitted do not show that Christine Brown or Terri Bryant were personally involved in making treatment decisions.

IT IS ORDERED that the motions for summary judgment (Doc. Nos. 93. 95) are GRANTED. The Clerk is directed to enter judgment against Robin Smith and in favor of Vipin Shah, Christine Brown, Terri Bryant, and Donald Gaetz. All pending motions are DENIED as moot.

**IT IS SO ORDERED.**

**DATED:** May 7, 2015

                                             s/ Staci M. Yandle
                                             **STACI M. YANDLE**
                                             **DISTRICT JUDGE**